**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
ALPENA DIALYSIS SERVICES,       )
                                )
         Plaintiff,             )
                                )
    v.                          )   Civil Action No. 04-218 (GK)
                                )
MICHAEL O. LEAVITT,             )
                                )
         Defendant.             )
_____)

_____
CHIPPEWA DIALYSIS SERVICES,     )
                                )
         Plaintiff,             )
                                )
    v.                          )   Civil Action No. 04-219 (GK)
                                )
MICHAEL O. LEAVITT,             )
                                )
         Defendant.             )
_____)

_____
NORTHERN MICHIGAN HOSPITAL,     )
                                )
         Plaintiff,             )
                                )
    v.                          )   Civil Action No. 04-222 (GK)
                                )
MICHAEL O. LEAVITT,             )
                                )
         Defendant.             )
_____)

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion for Reconsideration. Upon consideration of the Motion, Opposition, Reply and the entire record herein, and for the reasons stated below, Defendant's Motion for Reconsideration is **granted**.

**I.   BACKGROUND**[1]

In this consolidated action, three providers of End Stage Renal Disease ("ESRD") treatment bring suit against Defendant Michael O. Leavitt, Secretary of the U.S. Department of Health and Human Services ("HHS"), pursuant to Title XVII of the Social Security Act, 42 U.S.C. §§ 1395 et seq. ("the Medicare Act"). Plaintiffs—Alpena Dialysis Services ("Alpena"), Chippewa Dialysis Services ("Chippewa"), and Northern Michigan Hospital ("NMH")—seek review of final agency action denying their request for exceptions to the prospective payment rate system used in the federal Medicare program.

On September 18, 2006, the Court denied Plaintiffs' Motion for Summary Judgment [Dkt. No. 13], and granted Defendant's Cross-Motion for Summary Judgment [Dkt. No. 15] with respect to claims presented by Plaintiffs Chippewa and NMH.  The Court denied Defendant's Motion for Summary Judgment on Alpena's claims, however, and ordered that the Alpena case be remanded to the Provider Reimbursement Review Board ("PRRB" or "Board") for further proceedings on the issue of whether Alpena's patient population is atypical.  The Court found that the Center for Medicare & Medicaid Services ("CMS"), in denying Alpena's exception request, had not relied upon the determination of whether Alpena had an atypical

---

[1] These facts are taken from the Court's September 18, 2006 Memorandum Opinion.

patient population.  Consequently, it was error for the Board to rely on that ground in affirming the CMS's denial of the exception request.

On September 29, 2006, Defendant filed a Motion for Reconsideration of the portion of the September 18, 2006 Order denying Defendant's Motion for Summary Judgment as to Plaintiff Alpena's claims [Dkt. No. 36].  Plaintiff Alpena opposed the Motion on October 9, 2006 [Dkt. No. 37], and Defendant filed a Reply on October 16, 2006 [Dkt. No. 39].

**II.   STANDARD OF REVIEW**

A motion for reconsideration should be granted only if the court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal citations and quotations omitted).  In other words, the moving party must show "new facts or clear errors of law which compel the court to change its prior position."  <u>Nat'l Ctr. for Mfg. Sciences v. Dep't of Def.</u>, 199 F.3d 507, 511 (D.C. Cir. 2000) (internal citation omitted).

**III. Defendant's Motion for Reconsideration Is Granted Because There Were Independent, Legally Sufficient Bases for the PRRB's Decision that Alpena Failed to Meet the Requirements for an Exception**

Defendant argues that reconsideration is warranted in this case because "the PRRB set forth several independent legally sufficient reasons for its conclusion that Alpena did not qualify for an exception to its composite rate." Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. for Partial Reconsideration at 11. Accordingly, a finding of error with respect to one of the PRRB's conclusions does not necessitate remand. Significantly, Alpena failed to address the merits of this legal argument in its Opposition to Defendant's Motion for Reconsideration.

To qualify for an atypical services exception to the composite payment rate, Alpena needed to demonstrate four factors by convincing objective evidence. See 42 C.F.R. §§ 413.180(g), 413.182, 413.184. As Defendant points out, the PRRB found that Alpena failed to establish at least two of the necessary four preconditions for entitlement to an exception. The Board found that Alpena failed to establish: (1) a direct causal nexus between Alpena's costs in excess of the composite rate and the provision of atypical services; and (2) that Alpena's excess costs were reasonable.

Each of these preconditions provided an independent, legally sufficient ground for denial of Alpena's exception request. Consequently, a remand would serve no useful purpose. See Nevada v. Dep't of Energy, 457 F.3d 78, 90 (D.C. Cir. 2006); PDK Labs. Inc.

v. DEA, 362 F.3d 786, 799 (D.C. Cir. 2004) ("If the agency's mistake did not affect the outcome, if it did not prejudice the petitioner, it would be senseless to vacate and remand for reconsideration."); Salt River Project Agric. Improvement and Power Dist. v. United States, 762 F.2d 1053, 1060 n.8 (D.C. Cir. 1985) ("When an agency relies on a number of findings, one or more of which are erroneous, we must reverse and remand only when there is a significant chance that but for the errors the agency might have reached a different result. When it is clear that based on the valid findings the agency would have reached the same ultimate result, we do not improperly invade the administrative province by affirming.").

**IV.  CONCLUSION**

Defendant's Motion for Reconsideration is **granted** because there were independent, legally sufficient bases for the PRRB's decision that Plaintiffs failed to satisfy the preconditions for an exception.

An Order will issue with this opinion.


Date: November 15, 2006          /s/
                                 Gladys Kessler
                                 United States District Judge

**Copies to**: **attorneys on record via ECF**